IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN MANUEL REYES,

    Plaintiff,

v.

SUSAN WASHBURN; C. BOLLES;
LEGORE; Y. RANGEL; E.O.C.I.;
ODOC,

    Defendants.

Case No. 2:19-cv-01562-AC

ORDER TO DISMISS

HERNÁNDEZ, J.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## BACKGROUND

Plaintiff alleges three claims for relief. In his first claim, plaintiff alleges that because he failed to follow a "discretionary order" from defendant Bolles he was fired from his position as a law library assistant, and that all of his personal legal documents and documents of other inmates were confiscated. Plaintiff alleges this violated his right of access to the courts and was done in retaliation. Other than the reference to his alleged failure to follow defendant Bolles's rules, plaintiff does not allege personal involvement by any of the other named defendants.

Plaintiff's second claim alleges his right of access to the courts was denied when he was prohibited from using the prison law library and his legal documents were confiscated. Plaintiff alleges that defendants Bolles and Rangel hindered his access to the law library and courts under the direction of defendants LeGore and Washburn.

In his third claim, plaintiff alleges violation of his First and Fourteenth Amendment rights by the failure to comply with Oregon Department of Corrections rules and prosecution of a disciplinary proceeding against him without investigation or due process. Plaintiff also alleges discrimination because the law library does not provide Spanish-speaking legal assistants. Plaintiff does not allege which defendants were personally involved in the disciplinary proceedings against him or in the alleged discrimination.

By way of remedy, plaintiff seeks injunctive relief requiring the return of his personal and his "client" legal documents and files, reinstatement to the law library assistant position, expungement of disciplinary proceedings, and money damages.

2 - ORDER TO DISMISS

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). In order to state a § 1983 claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, plaintiff's first and third claims for relief fail to allege facts giving rise to a reasonable inference that any of the named defendants were personally involved in the alleged

3 - ORDER TO DISMISS

violation of his rights; other than the allegation in his first claim that he did not follow an order from defendant Bolles, plaintiff does not allege who was personally involved in the decision to fire him, to confiscate his legal documents, to prosecute a disciplinary proceeding against him, or to discriminate against Spanish-speaking inmates.

In addition, as to plaintiff's first claim that he was fired from his law library assistant position, prison inmates do not have a constitutionally protected right to prison employment, and plaintiff therefore has no protected liberty interest in any particular job position in prison. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (the Due Process Clause "does not create a property or liberty interest in prison employment"). Moreover, plaintiff does not allege facts establishing a claim that his firing was the result of improper retaliation. *See Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005) (to state a viable constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused the prisoner to suffer more than minimal harm).

To the extent plaintiff alleges in his first and second claims that he was denied access to the courts and/or the law library, plaintiff does not allege facts establishing that he suffered any actual injury as a result thereof. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (in order to allege a violation of the right of access to the courts, an inmate must demonstrate that he suffered an actual injury by pleading facts showing "actual prejudice with respect to contemplated or existing [non-frivolous] litigation, such as the inability to meet a filing deadline or to present a claim," and the

actual injury requirement is only satisfied if an inmate is denied access with regard to direct criminal appeals, habeas corpus petitions, and civil actions brought pursuant to § 1983).

To the extent plaintiff attempts in his third claim to challenge a prison disciplinary proceeding against him, plaintiff does not allege facts establishing a violation of his due process rights. *See Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (procedural protections afforded a prisoner in prison disciplinary proceedings under *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974) "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'") (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff does not allege any facts supporting a claim that the result of the disciplinary proceeding imposed an atypical and significant hardship such that his due process rights were implicated.

Finally, to the extent plaintiff seeks to allege an equal protection violation based on discrimination, a § 1983 plaintiff alleging such a violation must prove that: "(1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification." *Moua v. City of Chico*, 324 F.Supp.2d 1132, 1137 (E.D.Cal. 2004); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (a §1983 plaintiff alleging denial of equal protection "must show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class"); *Van Pool v. City and County of San Francisco*, 752 F.Supp. 915, 927 (N.D. Cal.1990) (a § 1983 plaintiff must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment

5 - ORDER TO DISMISS

complained of was under color of state law). Plaintiff does not allege facts which would establish such a claim.

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 8 day of January, 2020.

Marco A. Hernández
Chief United States District Judge